# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D. Jackson Milhollan, Solely in His Capacity as the Representative of the Shareholders of Precision Industries, Inc.<br>410 East Beau Street<br>Washington, PA 15301,<br><br>    Plaintiff,<br>vs.<br><br>Live Ventures Incorporated, a Nevada Corporation<br>325 E. Warm Springs Road, Suite 102<br>Las Vegas, NV 89119,<br><br>    Defendant. | CIVIL DIVISION<br><br>Case No. 2:23-cv-59<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT IN CIVIL ACTION

Plaintiff, D. Jackson Milhollan, Solely in His Capacity as the Representative of the Shareholders of Precision Industries, Inc. (the "**Plaintiff**"), by and through his undersigned counsel, files this Verified Complaint, averring as follows:

## PRELIMINARY STATEMENT

This action arises out of a failure of the Defendant, Live Ventures Incorporated, a Nevada Corporation (the "**Defendant**"), to pay a legally valid and factually undisputed debt in the amount of Two Million Five Hundred and 00/100 ($2,500,000.00) Dollars that the Defendant owed (and continues to owe) to the Plaintiff under the clear and unambiguous terms of that certain July 14, 2020 Agreement and Plan of Merger (the "**Merger Agreement**"), which was executed by and among the Plaintiff, the Defendant, Parent Mergers Sub Inc., and Precision Industries, Inc. (the "**Deal Parties**").  A true and correct copy of the Merger Agreement is attached hereto as **Exhibit "A"**.

Pursuant to the Merger Agreement, certain considerations were to be paid to the Shareholders of Precision Industries, Inc. (the "**Shareholders**").  The Plaintiff served as the representative of the Shareholders to, among other things, receive funds due to the Shareholders and pursue the rights of the Shareholders for amounts due to them under the Merger Agreement.  Specifically, under Section 2.14 and Section 9 of the Merger Agreement, the Shareholders, in addition to other considerations owed under the Merger Agreement, were entitled to a certain Indemnity Holdback amount of Two Million Five Hundred Thousand and 00/100 ($2,500,000.00) Dollars on January 31, 2022 (the "**Holdback Debt**").  To date, the Defendant has refused to pay the Holdback Debt.  Therefore, the Plaintiff files the instant lawsuit, alleging that the Defendant breached its obligation under Section 2.14 and Section 9 of the Merger Agreement and seeking to recover the amount of the Holdback Debt, plus other damages that are available for actions sounding in contract, including, but not limited to, consequential or special damages.

## PARTIES

1. Under Section 6.10 of the Merger Agreement, Plaintiff is the duly appointed representative of the Shareholders.  The Plaintiff possesses sole authority under the Merger Agreement to recover the Holdback Debt, including the authority to commence this instant action on behalf of the Shareholders.  The Plaintiff is an adult resident of the Commonwealth of Pennsylvania, residing at 410 East Beau Street, Washington, Pennsylvania 15301.

2. The Defendant is a Nevada Corporation with a principal place of business located at 325 E. Warm Springs Road, Suite102, Las Vegas, Nevada 89119.

## JURISDICTION

3. This Court has subject matter jurisdiction over the claims pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value or value of $75,000, exclusive of interest and costs.

4. The citizenship of the corporate parties is evaluated pursuant to 28 U.S.C. § 1332(c), which provides that a corporation is deemed to be a citizen of its state of incorporation and the state of its principal place of business.

5. Plaintiff is the duly appointed representative of the Shareholders. The Plaintiff possesses sole authority under the Merger Agreement to recover the Holdback Debt, including the authority to commence this instant action on behalf of the Shareholders. The Plaintiff is an adult resident of the Commonwealth of Pennsylvania, residing at 410 East Beau Street, Washington, Pennsylvania 15301. Therefore, the Plaintiff's citizenship for purposes of diversity jurisdiction is the State of Pennsylvania.

6. The Defendant is Nevada Corporation with a principal place of business located at 325 E. Warm Springs Road, Suite 102, Las Vegas, Nevada 89119. Therefore, the Defendant's citizenship, for purposes of diversity jurisdiction, is the State of Nevada.

7. As such, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

8. Moreover, as averred with specificity below, the amount in controversy exceeds $75,000.00. Accordingly, this Court possesses original jurisdiction over the matter pursuant to 28 U.S.C. § 1332(a).

9. This Court may exercise personal jurisdiction over the Defendant as it has the required minimum contacts with this forum. Defendant entered into the Merger Agreement to, among other things, purchase a Pennsylvania-based corporation which involved substantial negotiations and ultimately culminated in a transaction that involved both property and an entity located within the Commonwealth of Pennsylvania. Furthermore, Defendant's tortious acts, and the corresponding harm to the Plaintiff, complained-of within the instant complaint, occurred

within the Commonwealth of Pennsylvania and specifically within Washington County, Pennsylvania.

10. This Court may therefore properly maintain personal jurisdiction over Defendant given Defendant's extensive conduct with this Commonwealth and this judicial district. And the Court's exercise of personal jurisdiction complies with traditional notions of fair play and substantial justice.

11. Venue is also proper in this Court as a substantial part of the events and omissions giving rise to the contract-based claims asserted herein, and averred with more specificity below, occurred in the Western region of Pennsylvania. Therefore, this action is cognizable in the United States District Court for the Western District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## **RELEVANT FACTS**

12. On or about July 14, 2020, following substantial negotiations and periods wherein the parties conducted due diligence, the Deal Parties entered into the Merger Agreement.

13. The Merger Agreement contemplated that part of the consideration to be paid to the Shareholders included an amount that would be "held back" and paid at a later date, *i.e.*, the Holdback Debt. In particular, Section 2.14 of the Merger Agreement expressly created the Holdback Debt and vested the Defendant with the obligation to pay the Plaintiff the full amount of the Holdback Debt.

14. The manner in and procedure through which the Defendant would pay the Holdback Debt to the Plaintiff was and is governed by Section 9 of the Merger Agreement.

15. Specifically, under Section 9.1 of the Merger Agreement, the full amount of the Holdback Debt was due and owing to the Plaintiff by January 31, 2022, unless certain facts or

events occurred as set forth in Section 9 of the Merger Agreement, which could alter the timing of the payment or the amount due.

16. Notably, no facts or events enumerated in Section 9.1 of the Merger Agreement occurred that could change or otherwise modify the time on which the Holdback Debt became due and owing or the amount of the Holdback Debt itself.

17. Accordingly, on January 31, 2022, the Defendant was contractually obligated under the Merger Agreement to pay the Plaintiff the full amount of the Holdback Debt - $2,500,000.00.

18. However, on January 31, 2022, the Defendant informed the Plaintiff that it would not pay the Holdback Debt.

19. To date, the Defendant has not paid the Plaintiff the Holdback Debt.

## **BREACH OF CONTRACT**

20. The Plaintiff represents and incorporates by reference the allegations contained in the preceding paragraphs of the Verified Complaint.

21. Pursuant to the above-mentioned Sections of the Merger Agreement, the Defendant had an unconditional obligation to pay the Holdback Debt to the Plaintiff for the benefit of the Shareholders on January 31, 2022.

22. As the Defendant has failed to fulfill its contractual obligation to pay the Holdback Debt, the Defendant has breached the Merger Agreement.

23. The Plaintiff has and will continue to suffer direct and indirect damages as a result of the Defendant's breach of the Merger Agreement, in the amount of the Holdback Debt and consequential or special damages, in addition to interest, the costs of litigation, and reasonable attorney fees.

**PRAYER FOR RELIEF**

WHEREFORE, for all the following reasons, Plaintiff requests this Court to:

(i)     Enter Judgment in favor of the Plaintiff and against the Defendant on the Breach of Contract Count of the Complaint, and

(ii)    Grant Plaintiff other relief as the Court deems equitable, just, and proper.

**A JURY TRIAL IS DEMANDED UPON ALL ISSUES SO TRIABLE.**

                                    Respectfully Submitted,

                                    CAROTHERS & HAUSWIRTH LLP

Dated:  January 12, 2023        By:*/s/ Patrick W. Carothers*
                                    Patrick W. Carothers (PA I.D. No. 85721)
                                    Gregory W. Hauswirth (PA I.D. No. 307842)
                                    Foster Plaza 10
                                    680 Andersen Drive, Suite 230
                                    Pittsburgh, PA  15220
                                    Telephone:  412.910.7500
                                    Facsimile:  412.910.7510
                                    pcarothers@ch-legal.com
                                    ghauswirth@ch-legal.com

                                    *Attorneys for Plaintiff*